DOMENGEAUX, Judge,
concurring.
I agree with the reversal and remand, but will elaborate further on the rights of Mor-ello to appeal. Appellee, Mrs. Leger, contends that Morello has no right to appeal, asserting this claim by means of the peremptory exception of no cause of action and no right of action.
In support of the exception of no cause of action, appellee contends that Morello has failed to represent and substantiate his interest in this case which appellee maintains is a requisite under Louisiana Code of Civil Procedure Articles 1091 and 2086. This reasoning by appellee is circuitous. The reason that Morello filed this appeal was to obtain an opportunity to present to the Trial Court evidence of his ownership interest in the subject property. All that is necessary for appellant’s right to appeal is that he be aggrieved by the Trial Court judgment. If appellant is indeed the owner of the property, as he urges, then certainly he would be aggrieved by the Trial Court judgment. The petition for appeal filed by Manson Morello clearly recites that he claims the ownership of the property forming the basis of this lawsuit. This allegation alone is sufficient to defeat appellee’s exception of no cause of action, for the law of Louisiana is clear that before an exception of no cause of action can be maintained the allegations of a petition (and attached exhibits) must on their face, without viewing extrinsic evidence, show that a party has no cause of action. Furthermore, the reasoning of appellee overlooks the fact that an appellate court cannot view anything that is not in the record of the trial court proceeding at the time of the appeal. If an appellant in circumstances like that presented in this case had to “substantiate his claim” in the manner in which appellee contends, then Article 2086 would be effectively read out of the Code of Civil Procedure. There is no manner in which an appellant in these circumstances can so substantiate his claim with us, since any evidence in support thereof would not be a part of the record and could not be considered by the appellate court. It is clear that Morello, by alleging that he has an interest in the property and is aggrieved by the judgment, has made sufficient allegations to defeat the exception of no cause of action and has sufficiently alleged grounds for filing this appeal herein.
DOMENGEAUX, J., concurs and assigns reasons.